# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

CARNELL DESHUN JOHNSON                                    PETITIONER

v.                              NO. 2:05CV00343 SWW/HDY

LINDA SANDERS, Warden, FCI                               RESPONDENT
Forrest City, Arkansas

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

BACKGROUND.   A brief summary of the relevant criminal proceedings involving petitioner Carnell Deshun Johnson ("Johnson") is not easy because the parties have not adequately outlined those proceeding.   It appears that on January 25, 2001, he was arrested by officials with the State of Texas for some unspecified state criminal offense. He was apparently released on bond five days after his arrest.

It appears that on February 18, 2002, Johnson was "rearrested."  See Document 16 at 2.  It is not clear why he was "rearrested."  See Id.  What appears to be clear, though, is that he was "rearrested" by officials with the State of Texas.

On February 20, 2002, Johnson was charged by indictment in the United States District Court for the Northern District of Texas with making a false statement in connection with the acquisition of a firearm and with being a felon in possession of a firearm.  See United States v. Johnson, 3:02CR00046.[1]  Because he was then in state custody, federal officials sought, and obtained, a writ of habeas corpus ad prosequendum for him on February 26, 2002.   State officials thereafter transferred custody of Johnson to federal officials.  On February 28, 2002, Johnson made an initial appearance to answer the federal indictment.  He was then detained in federal custody.

---

[1]

      As best the Court can tell, the offenses charged in 3:02CR00046 were not related to the events giving rise to his arrest and "rearrest" in the State of Texas.

It appears that Johnson remained in federal custody throughout the course of the federal criminal proceeding in 3:02CR00046.  On June 26, 2002, a jury convicted him on both counts of the federal indictment.  On September 18, 2002, United States District Judge Jorge A. Solis sentenced Johnson to the custody of the Federal Bureau of Prisons ("BOP") for a period of thirty-six months on each count, the terms of imprisonment to be served concurrently.  A judgment and commitment order was entered on the docket on September 25, 2002.[2]

On October 2, 2002, federal officials transferred Johnson back to state custody. His probation for a prior state criminal offense was revoked upon his return to state custody, and he was sentenced to the to the custody of the Texas Department of Criminal Justice ("DCJ") for a period of three years.[3]

Johnson served the three year sentence in the custody of the DCJ.  On February 11, 2005, after completing the three year sentence, he was transferred to federal custody to begin serving the sentence imposed in 3:02CR00046.  He came to be housed at the Federal Correctional Complex - Medium in Forrest City, Arkansas, the warden of which is respondent Linda Sanders ("Sanders").

---

[2]

Johnson subsequently appealed the judgment of conviction to the United States Court of Appeals for the Fifth Circuit.  No reversible error was found, and the judgment of conviction was affirmed.  See United States v. Johnson, 75 Fed.Appx. 296, 2003 WL 22144261 (5th Cir. 2003).

[3]

Johnson represents that the probation revocation proceeding was pending at the time of his federal sentencing and that the proceeding was not resolved until after the federal sentencing.

Johnson learned upon entering the custody of the BOP that he would not receive credit on his federal sentence for the three years he spent in the custody of DCJ. Believing he was entitled to such credit, he did not utilize the BOP grievance procedure but instead commenced the proceeding at bar.

PETITION PURSUANT TO 28 U.S.C. 2241.  Johnson commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241.  He maintained in the petition that he actually began serving his federal sentence on the day it was imposed and he should therefore receive credit on his federal sentence for the three years he spent in the custody of the DCJ.

Sanders filed an answer to Johnson's petition.  Sanders first maintained that "a defendant held in a federal detention facility is not 'in custody' for … purposes of 18 U.S.C. 3585(a) when, as in the instant case, his federal detention was procured through a Writ of Habeas Corpus Ad Prosequendum."  See Document 12 at 3.[4]  Sanders alternatively maintained that Johnson failed to utilize the BOP grievance procedure prior to commencing the proceeding at bar and, consequently, failed to exhaust his administrative remedies.  For these reasons, she asked that his petition be dismissed.

---

[4]

Sanders buttressed the foregoing assertion by noting that Judge Solis "did not order [Johnson's] federal sentence to run concurrently with his yet-to-be-imposed state sentence, …" see Document 12 at 5; and that "[u]nder the plain language of … 3585(b), a prisoner may not receive credit against a federal sentence for a period spent in pre-sentence custody if that period has already been credited against another sentence."  See Id. at 6.  With regard to the latter, she maintained that because "the time in question was actually served on [his] … state sentence, the BOP may not grant credit against [his] federal sentence for the same period."  See Id. at 6.

Johnson submitted a response to Sanders' answer.  In the response, Johnson represented the following:

> As the Government acknowledges, the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing and incarceration.   This jurisdiction continues until the first sovereign relinquishes its priority by, for example, release on bond, dismissal of charges, release on parole or expiration of a sentence.  [Citation omitted].
>
> Petitioner submits that it is not at all clear that the State of Texas had first and unrelinquished priority from January 25, 2001.  Because he had been released on bond on that charge, Petitioner submits that, despite the writ of habeas corpus ad prosequendum, he was kept in federal custody for the several months awaiting trial and, thus, should receive time credit for his time severed prior to trial, and after trial while in state custody.
>
> The Government further argues that Petitioner should be denied relief because he did not avail himself of the inmate grievance systems … and did not thus exhaust all administrative remedies.  Petitioner would show that when he arrived in federal custody in February of 2005, he notified prison officials about the amount of time he had already served. The officials to whom he imparted this information did not inform him that he would have to present this complaint through the inmate grievance process, but instead told him that he would have to get the time credit fixed by having his attorney go before the sentencing judge and request credit for time already served.  This is why he did not initially seek redress through the grievance process.

See Document 16 at 3-4.

The Court has now had an opportunity to thoroughly review the entire record in the proceeding at bar.  On the basis of that review, and for the reason that follows, it is recommended that Johnson's petition be dismissed and all requested relief be denied.

The Court begins by addressing the exhaustion question raised by Sanders. Typically, a prisoner is required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. 2241. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. 542.10 through 542.19.[5] The requirement is capable of being waived, though, if the prisoner can show that attempting to exhaust would be futile.

Johnson acknowledges, as he must, that he has not exhausted his administrative remedies. His explanation for failing to do so, i.e., he was never told to do so, is not persuasive. The Court would therefore be justified in recommending the dismissal of his petition for that reason. The Court will not do so, though, because it is clear that the claim advanced in his petition has no merit.

The Court begins an analysis of Johnson's claim by considering 18 U.S.C. 3584. That section governs the imposition of concurrent and consecutive terms of imprisonment. Paragraph (a) of that section provides, in part, the following:

---

[5]

   Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. See Ortiz v. Fleming, 2004 WL 389076 (N.D.Tex. 2004).

      (a) **Imposition of concurrent or consecutive terms**. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, … Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

When Johnson was sentenced by Judge Solis, it appears that Johnson was not then serving another state or federal sentence nor was he otherwise subject to an undischarged term of imprisonment. It was therefore unnecessary for Judge Solis to take a previously imposed sentence into account in imposing sentence upon Johnson.

Should Judge Solis have taken a yet-to-be imposed sentence into account? It is difficult for the Court to believe that Judge Solis did not know of the state charges apparently pending against Johnson, or the probation he previously received, as that information would surely have been contained in the pre-sentence investigative report. Judge Solis could have taken those facts into account in imposed sentence upon Johnson. It appears, however, that Judge Solis made no mention of those facts. Thus, this proceeding is not an instance in which a federal district court judge required the sentence imposed to be served consecutive to some later-imposed state sentence. See United States v. Brown, 920 F.3d 1212 (5th Cir. 1991) (district court judge may require sentence be served consecutive to yet-to-be-imposed state sentence).[6]

---

[6]

      Although Brown provides that a federal district court judge **may** impose a federal sentence to be served consecutive to a yet-to-be-imposed state sentence, Brown certainly does not require such a result.

18 U.S.C. 3585 governs the calculation of a term of imprisonment.  Paragraphs (a) and (b) of that section provides, in part, the following:

> **(a) Commencement of sentence**.   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Federal officials obtained custody of Johnson sometime between February 26, 2002–the day the writ of habeas corpus ad prosequendum was issued–and February 28, 2002–the day of his initial appearance in federal court.  They obtained custody of him pursuant to a writ of habeas corpus ad prosequendum.  He was sentenced by Judge Solis on September 18, 2002, and returned to state custody on October 2, 2002.  Because federal officials obtained custody of Johnson only pursuant to a writ of habeas corpus ad prosequendum, there was no time during the approximately seven month period between February 26, 2002, and October 2, 2002, that he was "received in custody

awaiting transportation to, or arrive[d] to commence service of [his] sentence at, the official detention facility at which the sentence was to be served." <u>See</u> 18 U.S.C. 3585(a).  He was simply sentenced for the federal offenses and returned to state custody.  He was not received in custody awaiting transportation to, or arrived to commence service of [his] sentence at, the official federal detention facility until February 11, 2005, when he completed his three year state sentence and was transferred to federal custody to being serving the sentence imposed in 3:02CR00046.  Thus, his federal sentence did not commence until February 11, 2005.

The Court initially had some question whether Johnson was entitled to credit on his federal sentence for the time he spent in federal custody for the approximately seven month period between February 26, 2002, and October 2, 2002.  It is now clear that he is entitled to no such credit.  First, Johnson was simply "borrowed" by federal officials. <u>See</u> <u>United States v. Cole</u>, 395 F.3d 929 (8th Cir. 2005) (state detainee "loaned" to federal authorities for sentencing).  Because he was simply "borrowed," he remained in the primary custody of state officials.  Second, although 18 U.S.C. 3585 provides that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence," the BOP "has the responsibility for computing a sentencing credit under section 3585(b)." <u>See</u> <u>United States v. Tindall</u>, 455 F.3d 885, 888 (8th Cir. 2006) [citing <u>United States v. Wilson</u>, 503 U.S. 329 (1992)].

<u>CONCLUSION</u>.  On the basis of the foregoing, the undersigned finds no merit to the claims advanced by Johnson in his petition.   It is therefore recommended that his petition be dismissed and all requested relief be denied.   Judgment should be entered for Sanders.

DATED this _6_ day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE